UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**UNITED STATES OF AMERICA**

v.                      488CR032

**JAMES GADDY**

## ORDER

James Gaddy and his co-defendant William Danner abducted a volunteer fireman from the parking lot of a Tennessee bowling alley, robbed him of his wallet, keys, and car, drove him through Georgia to Savannah and across the bridge to South Carolina, tied him to a tree, and shot him dead. Gaddy was convicted in 1989 by a jury in the Southern District of Georgia of kidnapping and other related charges. Doc. # 97. This Court sentenced him to life imprisonment. Doc. # 103.

Now 25 years later, Gaddy has filed a "Motion for Miscellaneous Relief." Doc. # 126. He asks that this Court reopen his sentencing. *Id.* He says that this Court erred back at his sentencing, decades ago, in failing to state its reasons for imposing his sentence as required by 18 U.S.C. § 3553(c) and Section 4A1.3 of the Sentencing Guidelines. *Id.* at 1.

Gaddy is not entitled to the relief he seeks. Only under very limited circumstances may this Court modify an imposed term of imprisonment, and none of those circumstances are present here. *See* 18 U.S.C. § 3582(c).

The case Gaddy cites in support of his request – *United States v. Parrado*, 911 F.2d 1567, 1572 (11th Cir. 1990) – certainly notes the general rule that a court should support its sentence with sufficient reasons, but that case arises in the wholly different procedural posture of direct appeal. It provides no authority for the proposition that resentencing is required where error is claimed decades after sentence was imposed.

Accordingly, Gaddy's motion is *DENIED*.

This ___ day of June, 2012.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA